UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x

WILLIE BUTLER,                      :

             Petitioner,    :        **REPORT & RECOMMENDATION**

       -against-            :        07 Civ. 6586 (JSR)(MHD)

H. GRAHAM, Superintendent,          :
Auburn Correctional Facility,

                  :

          Respondent.
-------------------------------x

**TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:**

Petitioner Willie Butler seeks a writ of habeas corpus to challenge his 2004 conviction in New York State Supreme Court, New York County, on one count of robbery in the first degree, in violation of New York Penal Law § 160.15. The court sentenced petitioner as a persistent violent felony offender, imposing an indeterminate prison term of 20 years to life. Butler is currently serving that sentence in the Auburn Correctional Facility.

For the reasons noted below, we recommend that the writ be denied and the petition dismissed with prejudice.

A.    **Procedural History**

A New York County grand jury indicted Butler on a single count of robbery in the first degree. The trial court conducted a Sandoval hearing, and ruled that the prosecutor could refer to petitioner's

1

Holloway, who was frightened, threw his hands up and backed away from petitioner. (Tr. 48.) Petitioner told Holloway to put his hands down and walked away. (Tr. 45-46.)

Holloway then proceeded to call 911 from a payphone while keeping an eye on petitioner, whom he saw entering a building at West 134th Street. (Tr. 46-47, 103.) Within minutes, two police officers arrived on the scene (Tr. 50) and went into the residential building, where they found petitioner on the roof. (Tr. 119, 123.) When the police officers took Butler out of the building, Holloway identified him as the man who had robbed him. (Tr. 54.)

The police found neither the gun (Tr. 125) nor the stolen money (Tr. 129, 151) on Butler's person, nor in the building he had entered. (Tr. 126-128.) The police did not search the entire building, however, but rather just the mailboxes, hallways, staircase and rooftop. (Tr. 126-128.)

On April 1, 2004, the jury found petitioner guilty on the sole count of the indictment, first-degree robbery. (Tr. 238.) On April 26, 2004, Justice Straus sentenced him as a persistent violent felony offender under N.Y. Penal Law § 70.08 (McKinney 2004 & Supp. 2007) (Sentencing Hearing Tr. ("S. Tr.") 9-10), imposing an indeterminate term of 20 years to life. (Id. at 15.)

Petitioner timely appealed to the Appellate Division. On that appeal, he raised essentially three claims: that the trial court's Sandoval ruling was erroneous (Fleischmann Decl. Ex. A at 10-16), that

3

his conviction was against the weight of the evidence (id. at 17-22) and that his sentence as a persistent violent felony offender violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id. at 23-26.)

On January 26, 2006, the Appellate Division unanimously affirmed the conviction. In doing so, it held that the trial court's Sandoval ruling had balanced the appropriate factors and was a proper exercise of discretion, that the jury verdict was not against the weight of the evidence and that Butler's constitutional challenge to the procedure by which he was sentenced as a persistent violent felony offender was unpreserved for appellate review and, in any event, was without merit. People v. Butler, 25 A.D.3d 499, 808 N.Y.S.2d 670 (1st Dep't 2006).

Petitioner timely applied for leave to appeal to the New York Court of Appeals, raising the same three legal issues, with a heavy emphasis on the weight-of-the-evidence argument. (Fleischmann Decl. Ex. E.) Petitioner also submitted a pro se letter to the Court of Appeals in support of his request, in which he asked in particular for an opportunity "to tell [his] part of the story correctly," alleging that no robbery had taken place. (Id. Ex. F.)

On July 26, 2006, the Court of Appeals denied leave. (Id. Ex. H.) It did so, however, with leave to renew the request within thirty days after that Court had rendered its decisions in the then-pending cases of People v. Romero, 7 N.Y.3d 633, 826 N.Y.S.2d 163 (2006), People v.

Romero, 7 N.Y.3d 911, 828 N.Y.S.2d 274 (2006),[1] and People v. Vega, 7 N.Y.3d 890, 827 N.Y.S.2d 87 (2006). See People v. Butler, 7 N.Y.3d 786, 821 N.Y.S.2d 815 (table) (2006). It appears that Butler never renewed his leave application.

**B.    Butler's grounds for habeas relief**

Petitioner formulates two grounds for relief in this habeas corpus proceeding. First, he asserts that the "[t]rial court erred in allowing People to admit[] prior conviction." (Pet. 5.) Second, he argues that the "State sentence[d] defendant to a p[er]sistent term as a violent felony offender which violates his right under Apprendi." (Id.)

As petitioner filed this petition pro se, we construe these grounds liberally in his favor. U.S. ex rel. Buford v. Henderson, 524 F.2d 147, 152 (2d Cir. 1975); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)("We construe complaints filed by pro se litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983) (stating that courts should review pro se habeas petitions with a "lenient eye"). We will consider each ground in turn.

---

[1] Ubaldo Romero, the appellant in People v. Romero, 7 N.Y.3d 633, 826 N.Y.S.2d 163 (2006), and Robert Romero, the appellant in People v. Romero, 7 N.Y.3d 911, 828 N.Y.S.2d 274 (2006), were tried together as co-defendants and then jointly appealed to the Appellate Division. People v. Romero, 22 A.D.3d 287, 804 N.Y.S.2d 8 (1st Dep't 2005). Their cases diverged at the Court of Appeals level.

## C.    Preliminary questions

Before considering the substantive grounds of the habeas petition, we address petitioner's compliance with the requirement that he exhaust his state-court remedies. 28 U.S.C. §§ 2254(b)-(c). In doing so, we note that respondent does not suggest a failure to exhaust, and we agree that petitioner did not in fact fail to do so.

The issue arises because, as noted, the Court of Appeals gave Butler leave to renew his application for leave to appeal, and he never did so. While failure to pursue such an avenue of relief might, in some circumstances, lead to the conclusion that petitioner has failed to exhaust his state-law remedies, see 28 U.S.C. § 2254(c) (no exhaustion if the habeas petitioner "has the right under the law of the State to raise, by any available procedure, the question presented");[2] but see Llaca v. Duncan, 2004 WL 964113, at *14, *20 (S.D.N.Y. May 4, 2004) (ruling implicitly that failure to renew leave application does not bar exhaustion), Butler's failure to do so here does not implicate a failure to exhaust because the state court's invitation to Butler to renew his leave application did not pertain to the grounds presented in the current habeas petition.

The Court of Appeals authorized Butler to renew his leave request within thirty days after the Court's then-pending decisions in Romero,

---

[2] A plain-language analysis of this provision seems to indicate that a petitioner who is given a second chance, i.e., a right, to submit his grievances to the Court of Appeals should use that possibility in order to exhaust his state-law remedies.

6

7 N.Y.3d 633, 826 N.Y.S.2d 163, Romero, 7 N.Y.3d 911, 828 N.Y.S.2d 274, and Vega, 7 N.Y.3d 890, 827 N.Y.S.2d 87. In Romero, 7 N.Y.3d 633, 826 N.Y.S.2d 163 and Vega, the key issues involved the weight of the evidence and the standard of review of such a claim, while Romero, 7 N.Y.3d 911, 828 N.Y.S.2d 274, ultimately revolved around allegedly inappropriate remarks by the prosecutor during summation.

We interpret the Court of Appeals order granting Butler permission to renew his leave request to refer only to his weight-of-the-evidence argument, which was the central focus of his leave application. We therefore are satisfied that the questions raised in the current petition (which do not relate to the weight of the evidence) are exhausted.

We now turn to petitioner's substantive grounds for seeking habeas corpus relief.

## D. Ground one: admission of prior convictions

The trial record shows that petitioner's prior criminal convictions were not actually offered into evidence or otherwise disclosed to the jury. Accordingly, we assume -- as respondent does (Resp't's Mem. of Law 10) -- that this first ground seeks to challenge the trial court's Sandoval ruling.

Before the trial, the court conducted a Sandoval hearing to determine the admissibility of petitioner's prior criminal convictions

7

to impeach him, should he take the stand.[3] At that hearing, the trial
judge ruled that reference could be made to petitioner's four most
recent convictions, all of which were felonies, but that inquiry was
limited to "the county of conviction, the date of conviction, the
title of the crime, and the fact that it was a felony without
reference to the particular felony level." (Sandoval Tr. 31.)
Everything else was excluded, including any underlying facts of the
prior convictions. (Tr. 31.) Petitioner did not testify at trial.

As mentioned, Butler challenged the Sandoval ruling on appeal to
the Appellate Division, which found that the court had balanced the
appropriate factors and acted within the scope of its discretion.
Butler, 25 A.D.3d at 499, 808 N.Y.S.2d at 671. Leave to appeal to the
New York Court of Appeals was denied. (Fleischmann Decl. Ex. H.)

Respondent argues that this claim is not cognizable on habeas
review because petitioner did not testify. (Resp't's Mem. of Law 10-
11.) Respondent contends that under Luce v. United States, 469 U.S. 38
(1984), a petitioner's failure to testify at trial leads to forfeiture
of any claim that the trial court erred in allowing impeachment with a

---

[3] Under People v. Sandoval, 34 N.Y.2d 371, 357 N.Y.S.2d 849
(1974), "a Trial Judge may . . . make an advance ruling as to the use
by the prosecutor of prior convictions or proof of the prior
commission of specific criminal, vicious or immoral acts for the
purpose of impeaching a defendant's credibility." Id. at 374, 357
N.Y.S.2d at 853. In doing so, the court addresses as a standard
"whether the prejudicial effect of impeachment testimony far outweighs
the probative worth of the evidence on the issue of credibility." Id.
at 376, 357 N.Y.S.2d at 855.

prior conviction, including a claim of federal constitutional dimension. (Resp't's Mem. of Law 10-11.)

We agree that petitioner's first ground cannot lead to habeas relief. Although Butler does not explicitly invoke specific constitutional rights, we interpret the petition and the record[4] "to raise the strongest arguments that they suggest." Pabon, 459 F.3d at 248. We conclude that his argument could be understood to assert that the Sandoval ruling violated (1) his constitutional right to testify in his own defense, a right that has its foundations in the Fifth, Sixth and Fourteenth Amendments, Rock v. Arkansas, 483 U.S. 44, 49-53 (1987), and (2) more generally, that it denied him a fair trial under the Due Process Clause of the Fourteenth Amendment.

Analyzing these arguments, we note that admission of prior convictions is not in and of itself a constitutional violation. See Fed. R. Evid. 609(a) (requiring a balancing test between prejudice and probative value); Spencer v. Texas, 385 U.S. 554, 560-561 (1967); Michelson v. United States, 335 U.S. 469, 482-86 (1948); see also United States v. Belt, 514 F.2d 837, 839, 849-850 (D.C. Cir. 1975) (en banc) (holding that a statute making evidence of a prior conviction "mandatorily admissible" did not violate the Constitution). There

---

[4] The record contains a pro se letter from petitioner to the Court of Appeals in which he explains that he only wants the opportunity to tell his side of the story. (Fleischmann Decl. Ex. F.) Moreover, his Appellate Division brief argued in substance that the Sandoval ruling had prevented him from testifying in his own defense, thereby assertedly denying him a fair trial. (Fleischmann Decl. Ex. A at 10.)

9

seems to be no disagreement -- and petitioner does not seem to dispute -- that a rule like Sandoval, permitting the admission of such impeachment evidence under a balancing test between prejudice and probative value, is in principle valid under the Constitution.

Furthermore, a state court's ruling as to the admissibility of evidence of prior convictions for impeachment purposes will rarely reach constitutional dimension. See Luce, 469 U.S. at 42-43 (suggesting that a federal court's preliminary ruling under Rule 609(a) was "a question not reaching constitutional dimensions"); see generally Pulley v. Harris, 465 U.S. 37, 41 (1984) (errors of state law do not form a sufficient basis for habeas relief); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (admission without limiting instruction of testimony revealing that defendant was a convicted felon may have been an error of state law, but was not per se an error of federal constitutional dimension justifying a writ of habeas corpus).

Hence, only an error in the application of the Sandoval rule that "was of such a magnitude as to deny fundamental fairness to the criminal trial," Woods v. Estelle, 547 F.2d 269, 271 (5th Cir. 1977), could amount to a constitutional violation. In order to grant habeas relief, we would furthermore have to determine that any such constitutional violation "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993) (quoting Kotteakos v. U.S., 328 U.S. 750, 776 (1946)); see also Fry v. Pliler, 127 S. Ct. 2321, 2326-27 (2007)

10

(confirming continued applicability of Brecht under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996)).

We need not address the merits of the constitutional argument, however, because we conclude that the rationale of Luce precludes relief here. Specifically, Butler's failure to testify bars habeas relief on this claim.

In Luce, the Supreme Court addressed a challenge to an in limine evidentiary ruling under Fed. R. Evid. 609(a), which provided at the time that

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant . . . . [5]

The question arose whether a trial court's ruling on the admissibility of prior convictions may be reviewed on appeal if the defendant has

---

[5] Rule 609(a), which was amended in 1990, now provides:

[f]or the purpose of attacking the character for truthfulness of a witness, (1) ... evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. . . .

The 1990 changes do not affect the continued validity of the Supreme Court's analysis in Luce.

not testified. The Supreme Court held that it cannot, for very practical reasons:

> A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.

Luce, 469 U.S. at 41 (footnote omitted). As to the harmlessness question, the Court then noted:

> Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. See generally United States v. Hasting, 461 U.S. 499, 103 S. Ct. 1974, 76 L.Ed.2d 96 (1983). Were in limine rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole.

Luce, 469 U.S. at 42. In light of these considerations, the Court affirmed the Sixth Circuit's ruling that "when the defendant does not testify, the [Circuit] court will not review the District Court's in limine ruling." Luce, 469 U.S. at 40.

Luce does not directly control the case at hand, as it dealt with review on direct appeal in a federal case of the application of a

federal rule of evidence. Butler's case involves a collateral review of a state court's application of a state-law evidentiary rule.[6]

Nonetheless, we are faced with problems comparable to those identified by the Supreme Court in Luce. To find a constitutional violation and grant habeas relief, we would have to perform a due-process review of the trial court's Sandoval ruling, which, like Fed. R. Evid. 609(a) and the Sandoval rule itself, would require us to consider both the relevance and probative weight of the evidence and its prejudicial impact. See Dunnigan, 137 F.3d at 125 ("For the erroneous admission of other unfairly prejudicial evidence to amount to a denial of due process, the item must have been sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.") (internal quotation marks omitted) (quoting Johnson v. Ross, 955 F.2d 178, 181 (2d Cir. 1992)); Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985) (holding that in assessing materiality, the erroneously admitted evidence must be viewed in light of the entire record before the jury). This test requires precise information about the nature of the defendant's testimony, which is unknowable if he did not testify.

---

[6] In this context, it is noteworthy that New York law does not have a Luce-type rule. See People v. Moore, 156 A.D.2d 394, 395, 548 N.Y.S.2d 344, 346 (2d Dep't 1989) ("We decline to adopt the holding of the United States Supreme Court in Luce. . . . This is not the law in New York."). This means that defendants in the State of New York do not need to testify to preserve their right to challenge a Sandoval ruling on direct appeal. People v. Contreras, 108 A.D.2d 627, 628, 485 N.Y.S.2d 261, 263 (1st Dep't 1985).

Furthermore, even if we were able to perform that analysis and could conclude that an error had been made that could amount to a constitutional violation, we would then have to determine whether that violation "had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637-38.[7] This assessment also requires that we know what exactly the petitioner's testimony would have been, whether and how the prosecution would have used the prior convictions to impeach him and what effect all this would have had on the proceedings, in light of the record as a whole. This assessment cannot be reliably made when the petitioner has not testified.

Therefore, even though there is no unequivocal guidance on the application of Luce in habeas cases challenging a state-court conviction, we are of the opinion that the analysis in Luce should be deemed applicable to a habeas petitioner's challenge to similar evidentiary decisions in the context of a habeas petition. We note in this regard that other courts in this Circuit have reached the same result. Thus, for example, in Carroll v. Hoke, the court held:

> Although this case involves the collateral [i.e., habeas] review of a state trial court's Sandoval ruling and Luce involved the direct review by a Circuit Court of Appeals of a federal trial court's ruling pursuant to Rule 609 of the Federal Rules of Evidence, the Luce rationale is

---

[7] In the context of habeas corpus review, the Brecht test has replaced the harmlessness test from Chapman v. California, 386 U.S. 18, 22 (1967), which the Supreme Court discussed in Luce. However, the assessment to be made by the reviewing court and the information required to make that assessment are comparable.

14

> equally applicable. In both cases the ruling at issue
> seeks to balance the prejudicial impact of the prior
> conviction against its value as impeachment testimony,
> Compare Sandoval, 357 N.Y.S.2d at 853-54, 314 N.E.2d at
> 416-17 with Fed.R.Evid. 609, and in both cases the
> defendant's failure to testify makes it impossible to
> test the propriety of the ruling. Since the Court can
> find no meaningful distinction between the situation in
> Luce and the present case, the Court holds that
> petitioner's claim as to the impropriety of the Sandoval
> ruling does not raise an issue of constitutional
> significance. Accordingly, the Court holds that
> petitioner's claim concerning the admissibility of his
> prior conviction is beyond this Court's powers of review.

695 F. Supp. 1435, 1440 (E.D.N.Y. 1988), aff'd mem., 880 F.2d 1318 (2d

Cir. 1989); accord Nieves-Delgado v. People, 2003 WL 21310815, at *2

(S.D.N.Y. June 9, 2003) ("Although Luce involved a review of a federal

trial court's in limine ruling pursuant to Rule 609(a) of the Federal

Rules of Evidence, its principles are equally applicable to

Petitioner's [habeas] challenge to the state court's Sandoval ruling,

since ... both procedures involve a weighing of the prejudicial impact

of the convictions against the interest in impeachment of

testimony."); Underwood v. Kelly, 692 F. Supp. 146, 151 (E.D.N.Y.

1988), aff'd mem., 875 F.2d 857 (2d Cir. 1989); Carrasquillo v. Kirk,

677 F. Supp. 193, 195 (S.D.N.Y. 1988).

In sum, petitioner's challenge to the trial court's Sandoval

ruling should be rejected based on his failure to testify at trial.

## E.    Ground two: sentencing as a persistent violent felony offender

Petitioner was sentenced as a persistent violent felony offender

under New York Penal Law § 70.08. The determination that petitioner

qualified for that status was made by the trial judge at the

sentencing hearing. Petitioner contends that this procedure violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. By making an exception for "the fact of a prior conviction," the Court confirmed its prior ruling in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that a defendant's recidivism as a ground for an increased sentence did not need to be included in the indictment and thus determined in a jury trial.

Respondent argues that petitioner's right to a jury trial, as refined in Apprendi, was not violated since his sentence was enhanced solely on the basis of his prior convictions. Noting the limitation formulated by the Supreme Court for prior criminal history, respondent contends that the sentencing process did not run afoul of Apprendi. (Resp't's Mem. of Law 11-13.)

We agree. The fact that petitioner's sentence was increased by the trial judge on the basis of his finding that petitioner qualified as a persistent violent felony offender under section 70.08, which mandates significantly longer sentences for defendants who have been

16

convicted of violent offenses on at least two prior occasions, did not violate petitioner's rights under the Sixth and Fourteenth Amendments.[8]

---

[8] Section 70.08 of the New York Penal Law reads:

§ 70.08 Sentence of imprisonment for persistent violent felony offender; criteria.

1. Definition of persistent violent felony offender.

(a) A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 or the offense of predatory sexual assault as defined in section 130.95 of this chapter or the offense of predatory sexual assault against a child as defined in section 130.96 of this chapter, after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04 of this article.

(b) For the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply.

2. Authorized sentence. When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent violent felony offender the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment. The minimum period of imprisonment under such sentence must be in accordance with subdivision three of this section.

3. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate life sentence for a persistent violent felony offender must be fixed by the court as follows:

. . .

(a-1) For a class B felony, the minimum period must be at least twenty years and must not exceed twenty-five years; . . . .

17

The elements necessary to find that Butler qualified as a persistent violent felony offender (dates, locations and qualifications of prior convictions, as well as a specification of the

---

Section 70.02 defines violent felony offenses by reference to specific sections of the New York Penal Law. Paragraph (b) of subdivision one of § 70.04 provides in relevant part:

(b) For the purpose of determining whether a prior conviction is a predicate violent felony conviction the following criteria shall apply:

(i) The conviction must have been in this state of a class A felony (other than one defined in article two hundred twenty) or of a violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony, or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed;

(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony;

. . .

(iv) Except as provided in subparagraph (v) of this paragraph, sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted;

(v) In calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration[.]

time Butler had been incarcerated) were all included in a statement filed by the district attorney in the presence of Butler's attorney. (S. Tr. 8-9.) Butler did not dispute any of the stated facts at any time. (Id. at 9-10.)

Given this posture, Butler's sentencing did not transgress his right to a jury trial for two reasons. First, where, as here, the relevant prior convictions are not disputed, the sentencing judge may accept them as a basis for the sentencing without violating Apprendi. See Shepard v. United States, 544 U.S. 13, 25 (2005) (identifying the concern underlying Apprendi as being that "the Sixth and Fourteenth Amendments guarantee ... a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence") (emphasis added). Since there are no such disputed facts in this case, Apprendi does not apply.

Second, although the Supreme Court held in In re Winship, 397 U.S. 358 (1970), that due process requires proof of each element of a criminal offense beyond a reasonable doubt, the Court has "not extended Winship's protections to proof of prior convictions used to support recidivist enhancements." Dretke v. Haley, 541 U.S. 386, 395 (2004) (citing Almendarez-Torres, 523 U.S. 224). Specifically, the facts relevant for sentencing in this case are within the exception to the Apprendi rule that a judge may still make a finding of fact (applying a preponderance-of-the-evidence standard) as to "the fact of [a defendant's] prior conviction[s]." Apprendi, 530 U.S. at 490.

19

Petitioner does not in so many words allege that the determinations that the sentencing judge had to make under section 70.08 go beyond the Almendarez-Torres exception for "prior convictions" adhered to in Apprendi. Rather, he argued in the state courts that Almendarez-Torres should no longer be followed. (See Fleischmann Decl. Ex. A at 24-26.)

Petitioner cited various passages from Supreme Court decisions in which several justices questioned the continued validity of the ruling in Almendarez-Torres. See Apprendi, 530 U.S. at 489 (mentioning that "it is arguable that Almendarez-Torres was incorrectly decided"); Shepard, 544 U.S. at 27-28 (Thomas, J., concurring in part and concurring in the judgment) (stating that "Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided"). (See Fleischmann Decl. Ex. A at 24-25.) Be that as it may, we continue to apply the Almendarez-Torres exception to the Apprendi rule in this case for several reasons. First, the continued validity of the exception seems to be at stake only when the prior convictions are contested. See Apprendi 530 U.S. at 489 (stating that it is "arguable ... that a logical application of our reasoning today [i.e., that sentence-increasing facts should be found by a jury] should apply if the recidivist issue were contested") (emphasis added). Hence, even an extension of the Apprendi doctrine to cover prior convictions would not help petitioner since, as mentioned, he

20

did not dispute the prior violent-felony convictions that formed the basis for his sentencing under section 70.08 (S. Tr. 9-10.)

Second, as long as the Supreme Court has not overruled its decision, we are bound by Almendarez-Torres and Apprendi. See United States v. Estrada, 428 F.3d 387, 390 (2d Cir. 2005) (affirming that Almendarez-Torres is still good law); People v. Rivera, 5 N.Y.3d 61, 67, 800 N.Y.S.2d 51, 55 (2005) (recognizing the Supreme Court's "obvious prerogative to overrule its own decisions" and therefore "follow[ing] Almendarez-Torres until the Supreme Court rules otherwise").[9]

In any event, in the specific context of habeas review we are constrained by 28 U.S.C. § 2254(d)(1), which prevents us from granting habeas relief unless the state court's adjudication of the question was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Since petitioner's Apprendi argument would require us to anticipate a possible future change in Supreme Court case law, habeas relief is clearly barred.

Since the determination by the trial judge that petitioner qualified as a persistent violent felony offender did not violate his rights under the Sixth Amendment and Apprendi, we conclude that his second ground for habeas relief is meritless.

---

[9] As recently as 2006, the Supreme Court had occasion to revisit the Almendarez-Torres exception, yet it did not do so. See Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006)(denying cert.).

## Conclusion

For the reasons stated above, we find that petitioner's grounds for habeas relief -- read in the light most favorable to him -- cannot result in the relief he seeks. We therefore recommend that the writ be denied and the petition dismissed with prejudice.

Pursuant to Rule 72 of the Federal Rules of Civil procedure, the parties shall have (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the chambers of the undersigned, Room 1670, U.S. Courthouse, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:   New York, New York
         March 18, 2008



                                   RESPECTFULLY SUBMITTED,


                                   _____

                                   MICHAEL H. DOLINGER
                                   UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed
today to:

Lisa Fleischmann, Esq.
Assistant Attorney General for the State of New York
120 Broadway
New York, NY 10271


Mr. Willie Butler
# 04-A-3288
Auburn Correctional Facility
135 State Street
Auburn, NY 12458



                                    23