UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
WILLIE BUTLER,                      :
                                    :
             Petitioner,            :         07 Civ. 6586 (JSR)
                                    :
             -v-                    :              ORDER
                                    :
H. GRAHAM, Superintendent, Auburn   :     ┌─────────────────────────────┐
Correctional Facility,              :     │ USDC SDNY                   │
                                    :     │ DOCUMENT                    │
             Respondent.            :     │ ELECTRONICALLY FILED        │
----------------------------------- x     │ DOC #: _____         │
                                          │ DATE FILED: 6-11-08         │
JED S. RAKOFF, U.S.D.J.                   └─────────────────────────────┘

        On March 18, 2008, the Honorable Michael H. Dolinger, United

States Magistrate Judge, issued a Report and Recommendation

("Report") in the above-captioned matter recommending that the

petitioner's motion under 28 U.S.C. § 2254 for a writ of habeas

corpus be denied in all respects.  Petitioner timely filed objections

to the Report.  Accordingly, the Court has reviewed the motion and

the underlying record de novo.  Having done so, and having carefully

considered petitioner's objections, the Court agrees with Magistrate

Judge Dolinger that the petition should be denied.

        Butler's first objection is that his conviction was against

the weight of the evidence.  This argument, however, was nowhere

raised in Butler's habeas petition, which claimed that Butler was

being held unlawfully only on two grounds, the first relating to

evidence of his prior convictions, and the second to his sentencing.

Because Butler did not raise in his petition any argument pertaining

to the sufficiency of the evidence supporting his conviction, that

argument is not now properly before the Court.  See Chisolm v.

Headley, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ("[A] petitioner

is not permitted to raise an objection to a magistrate judge's report
that was not raised in his original petition." (citing Harris v.
Pulley, 885 F.2d 1354, 1377–78 (9th Cir. 1989)); see also Riggi v.
United States, No. 04 Civ. 7852, 2007 U.S. Dist. LEXIS 57012
(S.D.N.Y. Aug. 6, 2007).  In any event, even if Butler had presented
such a claim in his petition, and even if (contrary to Judge
Dolinger's suggestion) he had properly exhausted his state-court
remedies with respect to that claim, Butler's own objections
described trial testimony that, if credited by the jury, was more
than sufficient to support his conviction.  See United States v.
Glenn, 312 F.3d 58, 64 (2d Cir. 2002) (describing "well-settled" rule
that in reviewing the sufficiency of the evidence supporting a
conviction courts must "defer to the jury's assessment of witness
credibility and the jury's resolution of conflicting testimony").

        Butler's second objection is that the Report erred in
concluding that Butler's sentencing as a persistent violent felony
offender did not violate his rights under Apprendi v. New Jersey, 530
U.S. 446 (2000).  As Judge Dolinger explained, however, the Supreme
Court in Almendarez-Torres v. United States, 523 U.S. 224, 246-247
(1998), specifically approved regimes where a defendant's sentence is
enhanced based on a judge's finding of prior convictions, and the
Court recognized Almendarez-Torres's continued vitality on that point
in Apprendi itself.  See Apprendi, 530 U.S. at 490 ("Other than the
fact of a prior conviction, any fact that increases the penalty for a
crime beyond the prescribed statutory maximum must be submitted to a

jury, and proved beyond a reasonable doubt." (emphasis added)).
Thus, the state court's determination that Butler's challenge to his
sentence lacked merit was not "contrary to, [nor did it] involve[] an
unreasonable application of, clearly established Federal law," 28
U.S.C. § 2254(d)(1), and so habeas relief is inappropriate.  Other
courts in this Circuit have reached a similar conclusion with respect
to New York's persistent violent felon sentencing scheme.  See
Alexander v. Ercole, No. 06 Civ. 3377, 2007 U.S. Dist. LEXIS 23930
(E.D.N.Y. Mar. 27, 2007) (holding that the Supreme Court
"specifically approved of sentencing enhancement schemes like [New
York Penal Law] § 70.08"); McKenzie v. Poole, No. 03 Civ. 4253, 2004
U.S. Dist. LEXIS 23598 (E.D.N.Y. Nov. 23, 2004) ("Section 70.08
clearly falls within the safe harbor created by Almendarez-Torres and
Apprendi . . . .").

        Finally, Butler objects to Judge Dolinger's conclusion that
the trial court's ruling pursuant to People v. Sandoval, 34 N.Y.2d
371 (1974), did not entitle Butler to habeas relief.  As the Report
noted, there is no directly controlling authority on this point.
Nonetheless, the Court agrees with Judge Dolinger that the logic of
Luce v. United States, 469 U.S. 38 (1984), compels the conclusion
that where, as here, a defendant has not testified, a reviewing
habeas court has no way effectively to evaluate a challenge to a
Sandoval ruling.  See id. at 41 (holding that "to raise and preserve
for review the claim of improper impeachment with a prior conviction,
a defendant must testify" because where he does not, the nature of
his testimony is "unknowable," any harm from the ruling is "wholly

speculative," the court "cannot assume that the adverse ruling
motivated [the] defendant's decision not to testify," and the court
has no way to conduct a harmless error analysis).  Other district
courts in this Circuit are in agreement with this Court's conclusion.
See, e.g., Nieves-Delgado v. New York, No. 00 Civ. 1397, 2003 U.S.
Dist. LEXIS 9456 (S.D.N.Y. June 9, 2003); Carroll v. Hoke, 695 F.
Supp. 1435, 1440 (E.D.N.Y. 1988), aff'd mem., 880 F.2d 1318 (2d Cir.
1989); Underwood v. Kelly, 692 F. Supp. 146, 151 (E.D.N.Y. 1988)
aff'd mem., 875 F.2d 857 (2d Cir. 1989).  In Butler's objections, he
also refers to People v. Contreras, 485 N.Y.S.2d 261, 263 (1st Dep't
1985), a decision of Appellate Division, First Department, holding
that under New York law (in contrast to federal law) a defendant need
not take the stand to preserve a challenge to a Sandoval ruling.  See
id. at 628 ("[T]his State's policy[] does not impose any obligation
upon a defendant to take the stand as a condition to [Sandoval's]
applicability.").  To the extent that Butler's reference to Contreras
was intended to argue that the trial court's Sandoval ruling was in
violation of state law, such an argument is not cognizable on federal
habeas review.  See 28 U.S.C. § 2254 (a) (authorizing habeas review
only of claims that one is being held "in violation of the
Constitution or laws or treaties of the United States").

Accordingly, the Court hereby adopts Magistrate Judge
Dolinger's Report and Recommendation, and, for the reasons so ably
stated therein, dismisses the petition.  Clerk to enter judgment.

SO ORDERED.

Dated:  New York, NY
        June 9, 2008

_____
JED S. RAKOFF, U.S.D.J.